# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARA MEADOWS,**

         **Plaintiff,**

**-vs-**                                 **Case No.  6:12-cv-761-Orl-18DAB**

**COMMISSIONER OF SOCIAL
SECURITY,**

         **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed

herein:

> **MOTION:**    **PLAINTIFF'S [UNOPPOSED] PETITION FOR ATTORNEY'S FEES (Doc. No. 23)**
>
> **FILED:**      **January 23, 2013**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This application follows the issuance of an Order and entry of Judgment reversing the decision

of the Commissioner of Social Security with respect to Plaintiff's claim for benefits, and remanding

the case pursuant to sentence four of 42 U.S.C. § 405(g).  Docs. 21, 22.

Pursuant to the Equal Access to Justice Act, a party can recover an award of attorney's fees

against the government provided that the party seeking the award is the prevailing party; the

application for such fees, including an itemized justification for the amount sought, is timely filed;

the position of the government is not substantially justified; and no special circumstances are present which would make an award unjust.  Title 28 U.S.C. § 2412(d)(1)(A).

Plaintiff's Motion seeks an award of attorney's fees in the amount of $5,205.22, calculated at the rate of $183.93 per hour ($125.00 adjusted for cost of living increase of 47.14% (Consumer Price Index)) for 28.3 hours of work expended in 2012.  Doc. 23.  *See Meyer v. Sullivan,* 958 F.2d 1029, 1034 (11th Cir. 1992) (court must consider cost of living increases when awarding attorney fees under Equal Access to Justice Act); *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990) (CPI is appropriate proof of cost of living increase and justifies higher award than statutory rate).

Counsel also seeks to have Plaintiff's fees directly to counsel based on an assignment, as long as the United States Department of Treasury determines that Plaintiff does not owe a debt that the subject to offset.  If the Commissioner determines that Plaintiff does not owe such a debt, the award may be paid directly to Plaintiff's counsel.  *See Whittemore v. Astrue*, No. 3:09-cv-1242-J-25MCR, 2011 WL 2144590, at *2 (M.D. Fla. May 31, 2011) (stating that the Supreme Court in *Astrue v. Ratliff*, __ U.S. __, 130 S. Ct. 2521 (2010), "implicitly approved the practice of issuing EAJA payments directly to a plaintiff's attorney only in cases where the plaintiff does not owe a debt to the Government and the plaintiff has assigned the right to the EAJA fees to the attorney"); *Lea v. Commissioner of Social Sec.*, No. 6:10-CV-205-ORL-22, 2011 WL 3625099, *2 (M.D.Fla. Aug 17, 2011) (same).

Upon review of the supporting papers filed by Plaintiff and the Commissioner having no objection to the amount of fees sought (*see* Doc. 23), the Court finds that an award of  **$5,205.22** for attorney's fees is appropriate under the EAJA.  It is respectfully **RECOMMENDED** that the motion be **GRANTED** and judgment be entered in the amount of **$5,205.22** for attorney's fees.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on January 24, 2013.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy